# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv530

| | |
|---|---|
| LEISURE SYSTEMS, INC., | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) MEMORANDUM AND<br>) RECOMMENDATION |
| GREGORY COGDILL; NARUMON G. COGDILL; KC REALTY INVESTMENTS, LLC; and RUTLEDGE LAKE TRAVEL TRAILER PARK, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on defendants' Motion to Dismiss, plaintiff's Response, and defendants' Notice of No Reply. Having considered defendants' motion and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation. Inasmuch as it appears from the face of the pleadings that this court has original jurisdiction over the federal questions presented and supplemental jurisdiction over all other claims, this recommendation will be brief.

## FINDINGS AND CONCLUSIONS

### I. Background

In this action, plaintiff contends that defendants have violated the Lanham Act, 15, United States Code, Section 1051 *et seq.*, through infringement of its exclusive

1

license in trademarks and service marks related to Warner Bros.'s and Hanna-Barbera Productions, Inc.'s YOGI BEAR and related cartoon characters, used in connection YOGI BEAR identified campgrounds, including JELLYSTONE PARK CAMP RESORTS. Complaint, at ¶ 1. In addition to claims under the Lanham Act, plaintiff has also asserted supplemental claims for common law fraudulent inducement and unfair competition under the North Carolina Unfair and Deceptive Trade Practices Act.

The origin of these claims appears to be the transfer of campground property located in Fletcher, North Carolina, on or about August 15, 2008. Id., at ¶ 20. According to the Complaint, defendants' predecessors in interest were a franchisee of plaintiff, id., at ¶ 6, who operated the campground as a JELLYSTONE Park Camp-Resort in accordance with a franchise agreement with plaintiff. Id., at ¶ 7. As a provision of such agreement, defendants' predecessor was required to provide plaintiff with a right of first refusal to purchase such camp, id., at ¶ 12, and that transfer to a third party required plaintiff's approval and execution by the third party of a standard franchise agreement. Id., at ¶ 13. In securing the necessary releases and approvals from plaintiff, plaintiff alleges that defendants and their counsel (defendants' counsel herein)[1] made certain false representations concerning defendants intent to continue operating the camp under the franchise agreement. Id., at ¶ 18. The defendants, however, failed to return to plaintiff an executed "Consent to Transfer of Franchise Agreement," id., at ¶ 21, have subsequently failed to pay

---

[1] See N.C.R.P.C. 3.7(a).

royalties, id., but have continued to use plaintiff's valuable marks, including JELLYSTONE PARK and other marks. Id., at ¶ 22-23.

Defendants have moved to dismiss under Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure.

## II. Applicable Standards

### A. Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### B. Rule 12(b)(6) Standard

Where defendants contend that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no

4

relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot

5

"accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the Complaint and will view them in a light most favorable to plaintiff.

## III. Discussion

### A. Federal Question Jurisdiction

The thesis of defendants' motion is that this court lacks federal question jurisdiction "because none of the named Defendants used Plaintiff's Jellystone Park or any other marks," and because "[n]o Defendant executed the Franchise Agreement or performed any obligations under the Franchise Agreement." Defendants' Brief, at 9-10. Even if defendants had presented such statements in an admissible form, such assertions are not a proper foundation for a Motion to Dismiss. Whether a person did or did not do acts alleged in a Complaint is not a basis for dismissal under Rule 12(b). A defense that would have to be proved at trial simply is not a basis for dismissal under Rule 12.

In this case, plaintiff has alleged that it holds certain exclusive rights in federally protected trade and service marks and that defendants have infringed such marks through unauthorized use of such marks, which states a claim for violation of the Lanham Act. Complaint, ¶¶ 1-23. This court has original jurisdiction over claims asserted under the Lanham Act:

> [t]he district . . . courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard

to the amount in controversy or to diversity of the citizenship of the parties.

16 U.S.C. § 1121(a). Indeed, in the statutes establishing the jurisdiction of this court, Title 28 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks." 28 U.S.C. § 1338. Thus, plaintiff has properly invoked the original jurisdiction of this court as to all claims it has asserted under the Lanham Act.

### B. Supplemental Jurisdiction

While defendants expend a great deal of effort in describing why this court lacks jurisdiction over the claims because the amount in controversy does not exceed $75,000.00, such second prong of the test is only applicable to diversity jurisdiction. Where the court has original jurisdiction over the action, it is not necessary that it also have diversity jurisdiction over any state law claims.[2] Instead, jurisdiction over related state law claims is founded upon "supplemental jurisdiction."

> **§ 1367. Supplemental jurisdiction**
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367. In this case, plaintiff has asserted state law causes of action for Fraudulent Inducement (Count One) and for violation of North Carolina's Unfair and

---

[2] While alternative pleading is certainly permissible, there was no need in this case for plaintiff to cite Section 1332 in paragraph 5 of the Complaint.

7

Deceptive Trade Practices Act (Count Six). As is clearly alleged in the Complaint, the allegations that form the basis of these claims are drawn from a common nucleus of operative facts that the federal claims are drawn from, thereby forming part of the same case or controversy. Isaac v. North Carolina Dept. Of Transp., 192 Fed.Appx. 197, 199 (4th Cir. 2006).[3]

### C. Stating Cognizable Claims

Under Bell Atlantic Corp., supra, a claim is not subject to dismissal where, once all reasonable factual inferences are drawn in favor of plaintiff, plaintiff could prove a plausible set of facts that would support its claim and entitle it to relief. The basis of defendants' Rule 12(b)(6) motion is, rather, that they did not do what has been alleged in the Complaint. Such unsupported statement of counsel - - even if it had been supported by affidavit - - is not a basis for dismissal, because, as the Supreme Court held, "[w]hat Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke, supra, at 1832.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss be **DENIED** and that the parties be instructed to file the Certificate of Initial Attorneys Conference and proposed Pretrial order within 10

---

[3] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the West publication.

days of final disposition of such motion**.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: January 29, 2009

Dennis L. Howell
United States Magistrate Judge